UNITED STATES DISTRICT COURT
SOUITHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. __0:19 cv 60759_____

DEXTER DORE AND INGRID DORE,

   Plaintiff,

vs.

GEOVERA SPECIALTY INSURANCE
COMPANY,

   Defendant.
_____/

**COPIES OF ALL PROCESS, PLEADINGS AND ORDERS,
WITH THE EXCEPTION OF DISCOVERY SERVED WITH THE COMPLAINT,
IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY, FLORIDA SERVED IN THE STATE
PROCEEDINGS**

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.   CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u> COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>DEXTER DORE, INGRID DORE</u>
Plaintiff
       vs.
<u>Geovera Specialty Insurance Company</u>
Defendant

II.   TYPE OF CASE

- ☐ Condominium
- ☒ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 2/5/2019 11:36:52 AM.****

|  |  |
|---|---|
| DEXTER DORE AND INGRID DORE, | IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA |
| Plaintiff, | CIVIL DIVISION |
| v. | CASE NO.: CACE 19-002612 |
| GEOVERA SPECIALTY INSURANCE COMPANY, | |
| Defendant. _____/ | |

### NOTICE OF EMAIL DESIGNATION PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.516

Please Take Notice that Vargas Gonzalez Hevia Baldwin, LLP. hereby enters its Notice of Email Designation Pursuant to Florida Rules of Judicial Administration 2.516. The following email address is designated for service of pleadings and documents in this lawsuit.

PRIMARY EMAIL: ASanJuan@VargasGonzalez.com
SECONDARY EMAIL: Service2@VargasGonzalez.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by electronic service on this 6th day of March 2019.

VARGAS GONZALEZ
HEVIA BALDWIN, LLP
815 Ponce de Leon Blvd, 3rd Floor
Coral Gables, Florida 33134
Tel: 305.631.2528
Fax: 305.631.2741

By: _____/S/_____
Andrea San Juan, Esq.
Fla. Bar No.:107111

*19-000038636*

| | |
|---|---|
| DEXTER DORE AND INGRID DORE | CASE #: CACE-19-002612<br>COURT: 17TH JUDICIAL CIRCUIT<br>COUNTY: BROWARD |
| PLAINTIFF(S) | DFS-SOP #: 19-000038636 |

VS.

GEOVERA SPECIALTY INSURANCE COMPANY

DEFENDANT(S)
_____/

SUMMONS, COMPLAINT, DISCOVERY

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Friday, February 15, 2019 and a copy was forwarded by ELECTRONIC DELIVERY on Friday, February 22, 2019 to the designated agent for the named entity as shown below.

> GEOVERA SPECIALTY INSURANCE COMPANY
> LYNETTE COLEMAN
> 1201 HAYS STREET
> TALLAHASSEE, FL 32301

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080**

Jimmy Patronis
Chief Financial Officer

ANDREW VARGAS, ESQ.
TRUJILLO VARGAS GONZALEZ & HEVIA, LLP.
815 PONCE DE LEON BLVD., 3RD FLOOR
CORAL GABLES, FL 33134

JJ1

Filing # 84423117 E-Filed 02/05/2019 11:36:54 AM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

**DEXTER DORE AND INGRID DORE,**

    Plaintiffs,

CASE NO.:

v.

**GEOVERA SPECIALTY INSURANCE COMPANY,**

    Defendant.
_____/

*THE STATE OF FLORIDA*
**TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint of Petition in this action on INSURANCE COMMISSIONER pursuant to F.S. 48.151

*By Serving:*

GEOVERA SPECIALTY INSURANCE COMPANY
Insurance Commissioner
State of Florida
PROCESS SECTION
200 East Gaines Street
Tallahassee, Florida 32399

Each defendant is required to serve written defenses to the Complaint of Petition on Andrew Vargas , Esq., Counsel for the Plaintiffs, **Vargas Gonzalez Hevia Baldwin, LLP,** 815 Ponce De Leon Blvd., 3rd Floor, Coral Gables, FL 33134, within twenty (20) days after service, of this summons on that defendant exclusive of the day of service, and to file the original of the Defenses with the clerk of this Court either before service on Plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the complaint or petition.

CLERK OF THE COURT
BY: _____, Deputy Clerk    DATE:      FEB 05 2019

BRENDA D. FORMAN

RECEIVED AS STATUTORY REGISTERED AGENT on 15 February, 2019 and served on defendant or named party on 22 February, 2019 by the Florida Department of Financial Services

1

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 2/5/2019 11:36:52 AM.****

|  |  |
|---|---|
|  | IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA |
| DEXTER DORE AND INGRID DORE, | CIVIL DIVISION |
| Plaintiffs, | CASE NO.: |
| v. |  |
| GEOVERA SPECIALTY INSURANCE COMPANY, |  |
| Defendant._____/ |  |

## COMPLAINT

DEXTER DORE and INGRID DORE (Plaintiffs), hereby sue Defendant, Geovera Specialty Insurance Company (Defendant), and allege as follows:

### PARTIES, JURISDICTION & VENUE

1. This is an action for damages that exceed $15,000 exclusive of interest, costs and attorneys' fees.

2. Defendant is a Florida Corporation, organized and existing under the laws of Florida, qualified to do business in Florida, and has at all times material hereto been conducting business in Broward County, Florida.

3. Venue is proper in Broward County, Florida because the contract, which forms the subject matter of this lawsuit, was executed in Broward County, Florida, the subject property is located in Broward

County, Florida and Defendant has engaged in substantial and not isolated activity within Broward County, Florida, pursuant to Fla. Stat. § 48.193(2).

4. All conditions precedent to the filing of this lawsuit have occurred, have been waived, or have been performed.

## GENERAL ALLEGATIONS

5. At all times material hereto, in consideration of a premium paid by Plaintiffs, there was in full force and effect a certain homeowners insurance policy issued by Defendant with a policy number of GC40017371 (Policy).

6. Plaintiffs are not in possession of a full copy of the insurance policy sued upon herein and is therefore unable to attach a copy of the entire policy that forms the basis of this Complaint. However, Plaintiffs hereby incorporate by reference the insurance policy pursuant to Fla. R. Civ. P. 1.350(a). A copy of the Policy will be obtained via Discovery.

7. Accordingly, under the terms of the Policy, the Defendant agreed to provide insurance coverage to Plaintiffs' property against certain losses. The damaged property is located at 35 S.W. 111th Lane, Coral Springs, FL 33071 (Property).

8. On or about September 10, 2017, while the Policy was in full force and effect, the Property sustained a covered loss (Loss).

9. Shortly thereafter Plaintiffs reported the Loss to the Defendant.

10. Accordingly, Defendant assigned claim number FG17506452 and inspected the Property.

11. Subsequently, Defendant failed to adequately indemnify Plaintiffs for the Loss.

12. By its failure to tender an appropriate amount to repair the Property, Defendant has materially breached the Policy.

13. Defendant has failed to properly indemnify Plaintiffs for their losses stemming from the

Loss.

14. Plaintiffs have suffered and continue to suffer damages resulting from Defendant's breach of the Policy.

15. Plaintiffs were obligated to retain the undersigned attorneys for the prosecution of this action and is entitled to reasonable attorneys' fees pursuant to Fla. Stat. § 627.428.

## COUNT I
## BREACH OF CONTRACT

Plaintiffs reincorporate paragraphs 1 through 15 as if fully set forth herein.

16. It is undisputed that Plaintiffs and Defendant entered into a written contract, the Policy, wherein Plaintiffs agreed to pay a premium and in exchange Defendant agreed to insure the Property.

17. Plaintiffs have paid all premiums due and owing as contemplated by the Policy, thus, fully performing their obligations under the Policy.

18. Further, at all times material hereto, Plaintiffs have satisfied all post-loss obligations accorded in the Policy, including but not limited to: (i) promptly reporting the Loss to Defendant; (ii) providing all documents in their possession and control; and (iii) making the property available for inspection.

19. Defendant has failed to properly indemnify Plaintiffs for their losses stemming from the covered peril.

20. As a result of the foregoing, Defendant has breached the Policy.

21. As a direct and proximate result of Defendant's breach of the Policy, Plaintiffs have sustained damages.

WHEREFORE, Plaintiffs, DEXTER DORE and INGRID DORE, respectfully request that this Honorable Court enter judgment against Defendant, Geovera Specialty Insurance Company, for damages, plus interest, court costs and reasonable attorneys' fees pursuant to Fla. Stat. § 627.428, and that the drafts for insurance proceeds comply with Fla. Stat. § 627.70121.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demands trial by jury of all issues triable as a matter of right.

Dated this day, January 23, 2019.

> **VARGAS GONZALEZ**
> **HEVIA BALDWIN, LLP.**
> 815 Ponce De Leon Blvd., 3rd Floor
> Coral Gables, FL 33134
> Tel: 305.631.2528
> Fax: 305.631.2741
> E-mail: Service6@VargasGonzalez.com
> E-mail: Andrew@VargasGonzalez.com

By: _____/s/_____
Andrew Vargas , Esq.
Fla. Bar No.: 59582